[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION CONCERNING RESTITUTION
The issue before the court is whether or not the judge may enter dispositional orders in a delinquency case which require victim restitution payments to be made by a child who has been committed to DCF custody for placement at Long Lane School.
On September 1, 1998, the respondent, Abrahm H., was convicted as a juvenile delinquent on the underlying charge of Assault in the Second Degree, in violation of C.G.S. 53a-60. On said date, the court placed the respondent on probation for one year and ordered him to pay total restitution to in the amount of three hundred dollars ($300).[1]
Shortly thereafter, Abrahm H. was alleged to have violated a court order which had been imposed in connection with that probation.[2] He was subsequently charged as a delinquent based on the allegation that he violated C.G.S.46b-120(5)(b), "Violation of a Court Order". Abrahm H. admitted that he violated this statute and was convicted as a juvenile delinquent at a hearing on September 16, 1998. He was committed to the Department of Children and Families for a period of two years and placed at Long Lane School on that date. At the September 16th delinquency hearing, the prosecution requested that, in addition to committing Abrahm H. to DCF custody, the court also order the respondent to pay the unpaid sum of $300 as restitution to his victims. The respondent, through his attorney, objected to this request. The court took no action on the request at the September 16th hearing. It deferred decision, and ordered counsel for both the state and the defense to submit legal briefs on the issue of whether or not the court had the statutory authority to impose an order of restitution on a delinquent child who is committed to DCF custody.
The court has considered the oral arguments of counsel, and the articulate and well prepared memoranda of law which were submitted by both attorneys. The court has also thoroughly reviewed and considered the statutory language of the applicable state statute, C.G.S. 46b-140(b). CT Page 12358
That statute authorizes the court to make eight separate and distinct types of dispositional orders in cases where a child has been convicted of committing a delinquent offense. C.G.S. 46b-140(b) notes that:
 Upon conviction of a child as delinquent, the court may: (1) Place the child in any institution or agency which is permitted by law to care for children; (2) order the child to participate in an alternative incarceration program; (3) order the child to participate in a wilderness school program operated by the Department of Children and Families; (4) order the children to participate in a youth service bureau program; (5) order the child to remain in his own home or in the custody of a relative or any other fit person subject to the supervision of a probation officer; (6) order the child or the parent or guardian of the child, or both, to make restitution to the victim in accordance with subsection (d) of this section; (7) order the child to participate in a program of community service in accordance with subsection e of this section; or (8) withhold or suspend execution of any judgment.
The clear and unambiguous language of C.G.S. 46b-140(b) indicates that the dispositional alternatives from which the court may choose are not mutually exclusive. The court is not required by the law to select only one of the eight orders referred to above. The court is not required to link an order of restitution with an order placing the delinquent child on probation. Rather, it is authorized to dispose of a delinquency matter following adjudication by utilizing the forgoing options — separately or in combination — where it determines that it would be appropriate to do so.
The court finds, therefor, that the provisions of C.G.S.46b-140(b) specifically authorize it to impose an order of restitution upon a delinquent child as part of a disposition in those cases where the child is being committed to DCF.
The court is unpersuaded by the respondent's legal arguments that the Superior Court for Juvenile Matters lacks the statutory power to impose restitution orders upon a delinquent child once he or she is committed to DCF's custody, and that such orders CT Page 12359 would constitute judicial encroachment upon the prerogatives of that executive branch agency. The language of the law indicates otherwise. It is apparent that the purpose of C.G.S. 46b-140(b) is to enable the court to effectively meet the rehabilitative needs of any delinquent child under its jurisdiction. The court notes that in this case, such an order of restitution would obligate only the respondent, would not be directed to DCF, and would not impose any legal obligation or requirement to act upon that agency.
Having made this finding, the court now addresses the legal issue of whether or not it is in the best interests of the child, and in the interests of justice, to make such a restitution order as part of the disposition in this matter.
The court notes that Abrahm H. is 15 years of age, his date of birth being August 18, 1983. He was recently committed to DCF for a period of two years, and will turn 16 years of age more than a year prior to the date when this delinquency commitment lapses. The court is aware from common knowledge that this respondent is unlikely to remain at Long Lane School for the full two-year period of commitment. Rather, it is likely that he will be released to the community, or some less restrictive placement, at a point prior to the expiration of his commitment. Upon reaching his 16th birthday, Abrahm will be legally able to obtain full or part-time employment, from which he could easily make restitution payments to the victims. The total amount of restitution in question is moderate, ($300), and could be earned over a reasonable period of time by a teenager who has secured full, or even part-time, employment at minimum wage.
The court further notes that this respondent was convicted as a delinquent on September 1, 1998 for the offense of Assault 2nd Degree. As noted above, the court on that date ordered Abrahm H. to pay the victim, David Means, $50 for damages caused by him during that offense, plus $250 in unpaid restitution to Joanne Covey-Barnard for his earlier offense. Thus, two prior court orders that Abrahm H. pay restitution to his victims have not been satisfied. Abrahm H. was also convicted as a delinquent on September 16, 1998 for failure to obey a court order. The victims' rights have been specifically recognized by our states Constitution. They are both legally entitled to be made whole by the offender who harmed them.
The court finds that an order of restitution would serve both CT Page 12360 the interests of justice, and of the respondent, in this case. It is imperative that Abrahm H. start to assume responsibility for his delinquent acts by paying restitution to his victims. Such an order would hopefully promote the respondent's rehabilitation by making him more conscious of the damage he has caused, and by requiring him to work at gainful employment in order to rectify the harm which he inflicted. Given his lack of effort to comply with the two prior restitution orders, and the nature of his September 16th delinquency conviction, this order would also further the legitimate rehabilitative goal of compelling the respondent to recognize his legal obligation to comply with lawful court orders.
Based on all of the forgoing, the court hereby grants the prosecutor's motion that the respondent be required to make restitution. The disposition entered by the court on September 16, 1998 is hereby modified to include an order, pursuant to C.G.S. 46b-140(b), that Abrahm H. pay restitution to David Means in the total amount of $50, and pay restitution to Joanne Covey-Barnard in the amount of $250. The total restitution amount of $300 shall be paid within 18 months of the date hereof. Periodic restitution payments shall be made by the respondent according to a schedule of regular payments which Abrahm H. shall arrange with the Probation Department of the Superior Court for Juvenile Matters at this venue. The court directs that the clerk send copies of this memorandum and order to the respondent, his parent or legal guardian, the victim, the courts Probation Supervisor, and the Department of Children and Families at Long Lane School. The court directs that a probation officer of this court be assigned to monitor compliance with this order, collect the respondent's restitution payments, and transmit them to the victim. Said probation officer shall transmit periodic reports to the court concerning the respondent's restitution efforts, copies of which shall be provided to counsel for the respondent and the prosecution. In the event that the respondent is unable to comply with this restitution order for bonafide reasons such as indigence, disability, serious illness or unemployability, he may, after good faith effort to comply, make written request of the court for permission to satisfy this order by performing an alternative period of community service restitution for a non-profit or charitable agency.
SO ORDERED.
BY THE COURT: CT Page 12361
Dyer, J.